IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ROGER STARNER JONES, JR., MD**                                             **PLAINTIFF**

**V.**                           **NO. 1:21-CV-136-DMB-DAS**

**PHYCON, INC., et al.**                                              **DEFENDANTS**

## ORDER

On August 30, 2021, Roger Starner Jones, Jr., MD, filed a complaint in the United States District Court for the Northern District of Mississippi against Phycon, Inc.; "Healthcare Innovation Group, LLC d/b/a Relias Healthcare and other related Relias Entities;" North Mississippi Medical Center; "John Does A-J, and Jane Does A-J." Doc. #1. Invoking diversity jurisdiction, the complaint alleged, among other things, that "Healthcare Innovation Group, LLC d/b/a Relias Healthcare is registered as a limited liability company in the State of Mississippi," but later alleges that "Relias Healthcare … [is] incorporated … in the State of Mississippi." *Id.* at PageID 1–2. Before service on any defendant occurred, Jones filed an amended complaint on September 24, 2021, dropping North Mississippi Medical Center as a defendant but still containing the inconsistent jurisdictional allegations with respect to "Healthcare Innovation Group, LLC d/b/a Relias Healthcare." Doc. #5 at PageID 287–88. On January 14, 2022, before any responsive pleadings were filed, Jones filed a second amended complaint against Phycon, Relias Emergency Medicine Specialists of Tupelo, LLC, "John Does A-J, and Jane Does A-J."[1] Doc. #26. The second amended complaint alleges that "Relias Emergency Medicine Specialists of Tupelo, LLC is a domestic for-profit business corporation with its principal place of business

---

[1] The second amended complaint was filed without the Court's leave but was treated as the governing complaint for the reasons explained in the Court's September 23 "Opinion and Order." *See* Doc. #83 at 2 n.1.

located [in] Tupelo," and "is incorporated and doing business in … Mississippi." Doc. #26 at PageID 600–01.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Diversity jurisdiction requires that there be (1) complete diversity between the parties and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity requires that "all persons on one side of the controversy … be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). "The citizenship of an LLC is determined by the citizenship of all its members. So, to establish diversity jurisdiction, a party must specifically allege the citizenship of *every member* of every LLC." *Accadian Diagnostic Laboratories, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) (emphasis added).

Here, clarity is required regarding Relias' organizational form. To the extent Relias is a limited liability company, Jones failed to identify its members and the citizenship of each such that diversity jurisdiction is lacking. To the extent Relias is a corporation as alleged in the second amended complaint, Relias failed to file a corporate disclosure statement as mandated by Local Rule 7(c). Accordingly, within seven (7) days of the entry of this order, either Relias must file a statement of amendment pursuant to 28 U.S.C. § 1653 and Federal Rule of Civil Procedure 15(a) to properly allege diversity jurisdiction, or Relias must file the required corporate disclosure statement.

**SO ORDERED**, this 23rd day of September, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**